[Poteete v. The State.].

BRICKELL, C. J., not sitting.

# Poteete *v.* The State.

*Indictment for Renting or Allowing Room to be used for Gaming Purposes.*

1. *Allowing room to be used for gaming purposes; who is "owner or proprietor."*—Under the statute which makes it a penal offense for any person, "being the owner or *proprietor* of any house, room," &c., to rent or lease the same for gaming purposes, or knowingly to permit the same to be used for any such purpose (Code, § 4214), a conviction may be had against a person who has possession as a tenant or lessee.

FROM the County Court of Madison.
Tried before the Hon. WILLIAM RICHARDSON.

H. C. TOMPKINS, Attorney-General, for the State, cited *Pierce v. Concord Railroad Co.,* 51 N. H. 590; *Hall v. Brown,* 54 N. H. 495; *Lister v. Lobley,* 6 Nev. & Man. 340.

SOMERVILLE, J.—The defendant is indicted, under section 4214 of the Code (1876), for knowingly permitting a room, which he had leased as tenant of one Steele, to be used for gaming purposes. The question is, whether, being a mere *lessee,* he may be regarded as "the *owner or proprietor*" of such room, within the meaning of the statute. We are clearly of the opinion that he can be. The words "*owner or proprietor*" have no technical, legal signification, but are merely words of common parlance. They include any one having a beneficial interest, whether such interest be entire or partial. As said by Lord DENMAN, C. J., in *Lister v. Lobley,* 6 Nev. & Man. 342, "the owner of the fee, and the owner of *a term* in the land, are each of them *an* owner of the land." The word "proprietor" is of larger signification than "owner," and was evidently added so as to embrace any one in control, receiving beneficial

[O'Neal v. Kelly.]

returns from the class of tenements described in the statute. The two words, "owner or proprietor," have been frequently decided to include a lessee or tenant, in construing various statutes in which they occur.—*Lister v. Lobley*, 6 Nev. & Man. 342; *Ib.*, 7 Adol. & El. 124; *Hall v. Brown*, 54 N. H. 495; *Pierce v. Concord Railroad*, 51 N. H. 590.

The defendant was properly convicted under the rulings of the court, and the judgment is affirmed.